ANDREA REYES, demandante y apelante, *v.* ENRIQUE UMPIERRE, demandado y apelado. MANUEL RODRÍGUEZ, demandante y apelante, *v.* ENRIQUE UMPIERRE, demandado y apelado.

Núms. 6912 y 6913.—*Sometidos:* Marzo 5, 1936. *Resueltos:* Julio 20, 1936.

*Angel A. Vázquez,* abogado de los apelantes; *J. Henri Brown, G. E. González, G. Benítez Gautier* y *Sergio S. Gelpí,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se trata de dos reclamaciones separadas motivadas por un solo accidente. A los efectos de la presentación de alegatos y vista ante esta Corte Suprema, se acumularon los recursos interpuestos contra las sentencias que declararon las demandas sin lugar. En tal virtud consideraremos todas las cuestiones envueltas en una sola opinión.

Son hechos admitidos que en la noche del 16 de diciembre de 1931 el automóvil público en que viajaban los demandantes chocó con, el *truck* del demandado que se encontraba parado en la carretera de Río Piedras al barrio de Monacillos resultando heridos los demandantes.

Toda la controversia gira alrededor de quién fué el culpable del choque. Los demandantes sostienen que el *truck*

no sólo estaba parado si que abrió súbitamente sus focos al sentir que venía el carro público, deslumbrando a su *chauffeur* que perdió el control del guía yendo el carro a chocar con el *truck*. El demandado sostiene que tratándose de una carretera estrecha y yendo a entrar en una curva, cuando sintió el carro que venía paró el *truck*, que permaneció con sus luces encendidas, bien a su derecha, a fin de dejar libre el paso, habiéndose debido el choque a la exclusiva negligencia del *chauffeur* que guiaba el carro en que viajaban los demandantes en el manejo del mismo: velocidad excesiva, carretera mojada, curva tomada impropiamente por la izquierda.

La corte sentenciadora en su opinión se refiere a las alegaciones, extracta la evidencia y concluye que:

"No hay duda alguna por esta prueba, que el truck estaba parado a su derecha; que tenía las luces encendidas antes de ocurrir el accidente, y que detrás venía un automóvil con las luces prendidas que se detuvo detrás y que reflejaban sobre el truck, lo que permitía que éste fuera visto desde alguna distancia. No están contradichas tampoco las manifestaciones de los testigos en cuanto a que el choque fué de frente y así se aprecia en una de las fotografías ofrecidas como prueba y admitidas por la corte.      .      .      .      .

"No podemos decir que el truck estuviese parado a la misma entrada del puente o alcantarilla. Los testigos difieren en cuanto a la distancia. Pero la inspección ocular nos permite afirmar que no era a la entrada. Y aún dando todo crédito a los testigos que colocan el truck en el árbol de bucayo, la situación en que quedaron los vehículos después del choque, es evidencia clara de que el Ford al tomar la curva lo hizo sin la debida precaución y sin acercarse a su derecha lo más que le fuera posible, tal como lo dispone el inciso *d* del artículo 12 de la ley reglamentando el uso de vehículos de motor en Puerto Rico, que es la Ley núm. 75 de 1916."

En el curso de su opinión la corte de distrito hace algunas manifestaciones y cita decisiones de esta Corte Suprema que dan motivo a una larga discusión especialmente en el alegato de los apelantes.

No nos detendremos a dilucidar esas cuestiones. Tras un estudio cuidadoso de los autos, estamos convencidos de que

en el fondo lo único que existe en este caso es un conflicto en la prueba de ambas partes que fué resuelto por la corte de distrito en favor del demandado sin que el examen que hemos hecho de esa prueba nos permita concluir que fuera apreciada con manifiesto error por la dicha corte de distrito. Y como no hay la más leve demostración de que ésta actuara movida por pasión, prejuicio o parcialidad, deben declararse sin lugar ambas apelaciones y *confirmarse las sentencias recurridas.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.